**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SEAN THOMAS QUINN, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 3:CV-06-0571 |
| v. : | |
| : | (Judge Caputo) |
| COREY VRABLE, *et al.,* : | |
| : | |
| Defendants : | |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Presently before the Court is Plaintiff Sean Thomas Quinn's second motion for appointment of counsel. (*See* Doc. 37.) For the following reasons it will be denied without prejudice.

Quinn, an inmate formerly housed at the Lackawanna County Prison, Scranton, Pennsylvania, filed the present *pro se* civil rights action on March 1, 2006, pursuant to 42 U.S.C. § 1983.[1] Quinn alleges that while housed at the Lackawanna County Prison, CO Vrable interfered with his receipt of the Citizen's Voice newspaper, personal and legal mail. Although he does not allege what injury he incurred as a result of CO Vrable's actions, he seeks punitive damages. (*See* Doc. 1, Complaint.) A pretrial conference in this matter is scheduled for December 22, 2008, with trial to commence on January 5, 2009. (*See* Doc. 36, Scheduling Order.)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or

---

[1] Quinn is presently confined at the Huntingdon State Correctional Institution ("SCI-Huntingdon"), in Huntingdon, Pennsylvania.

statutory right to representation by counsel.  *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  However, it is within the court's discretion pursuant to 28 U.S.C. § 1915(e)(1) to seek representation by counsel for plaintiff.  This effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).  If this threshold requirement is met, the court then considers a number of factors established by the Third Circuit Court of Appeals to determine whether it is  appropriate to request counsel for an indigent party.  These factors include:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the difficulty of the particular legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
>
> (4) the plaintiff's capacity to retain counsel on [her] own behalf;
>
> (5) the extent to which a case is likely to turn on credibility determinations; and
>
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57.  Additionally, post-*Tabron*, the Third Circuit Court of Appeals has directed district courts to examine two additional factors when

considering an indigent party's request for counsel.   These factors are: 1) "[t]he Court's willingness to aid the indigent party in presenting his or her case ... and 2) [t]he supply of attorneys willing to take § 1915(e) requests in the geographic area of the litigation."  *Gordon v. Gonzalez,* 232 Fed. Appx. 153, fn. 4 (3d Cir. 2007).  As to the first factor, a district court can appoint counsel "at any point in the litigation" and may do so *sua sponte, Tabron*, 6 F.3d at 156, and that any concern over a plaintiff's inexperience as a litigant is unnecessary as his/her pro se pleadings are given a liberal construction by the court.  Thus, it is clear that district courts are instructed to grant pro se litigants reasonable consideration and latitude when presenting their case.  As to the second factor, the scarcity of available counsel is a very real consideration as to if, and when, the appointment of counsel in a case can be accomplished by the district court as "courts have no authority to compel counsel to represent an indigent civil litigant."  *Tabron*, 6 F.3d at 157 n.6.  The Third Circuit Court of Appeals has cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such appointments:

> We also emphasize that volunteer lawyer time is extremely valuable.  Hence district courts should not request counsel under § 1915(d) indiscriminately.  As the Court of Appeals for the Second Circuit has warned: "Volunteer lawyer time is a precious commodity. . . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.

*Id*. at 157.

The Court has recently reviewed Quinn's complaint and finds it presents a simple access to courts claim. The Supreme Court held in *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), *inter alia,* that a prisoner lacks standing to pursue an access to courts claim unless he shows that the alleged interference of prison officials "hindered his efforts to pursue a legal claim." *Lewis,* 518 U.S. at 352. To satisfy this standard, an inmate must show that a pending or contemplated legal proceeding was prejudiced or harmed in some way by the alleged interference or shortcomings. *Id.*, 518 U.S. at 351, 116 S.Ct. at 2180. Quinn's filings to date, his mastery of the facts in this case, and the leadway the Court will allow him as a *pro se* litigant, contradict Quinn's need for attorney representation at the pre-trial conference or trial.

Thus, Quinn's request for counsel will be denied without prejudice. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon a properly filed motion by Quinn.

**ACCORDINGLY, THIS   8th   DAY OF DECEMBER, 2008**, Quinn's Motion for Appointment of Counsel (Doc. 37) is **DENIED** without prejudice**.**

        **s/ A. Richard Caputo**
        **A. RICHARD CAPUTO**
        **United States District Judge**