IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SEAN THOMAS QUINN,** : | |
| : | |
| **Plaintiff** : | |
| : | CIVIL NO. 3:CV-06-0571 |
| **v.** : | |
| : | (Judge Caputo) |
| **COREY VRABLE,** *et al.,* : | |
| : | |
| **Defendants** : | |

*M E M O R A N D U M*

**I.   Introduction**

Sean Thomas Quinn, an inmate formerly housed at the Lackawanna County Prison, Scranton, Pennsylvania, filed the present *pro se* civil rights action on March 1, 2006, pursuant to 42 U.S.C. § 1983.[1]  Named as defendants are the Lackawanna County Prison and CO Vrable.  Quinn alleges that while housed at the Lackawanna County Prison, CO Vrable interfered with his receipt of his newspaper subscription, personal and legal mail.  Quinn seeks monetary damages from the defendants. (*See* Doc. 1, Complaint.)  Presently before the Court is the Defendants' Motion for Judgment on the Pleadings.  (Doc. 42.)  For the reasons that follow, defendants' motion will be granted.

---

[1]  Quinn is presently confined at the Huntingdon State Correctional Institution ("SCI-Huntingdon"), in Huntingdon, Pennsylvania.

**II.     Procedural History**

Quinn initiated this action on March 20, 2006.  (Doc. 1, Complaint.) Defendants filed an Answer to the Complaint with affirmative defenses on December 8, 2006.  (*See* Doc. 17, Answer.)  On March 10, 2008, after a period of inactivity in the case, the Court issued an Order directing that discovery be completed by the parties by April 10, 2008, and dispositive motions, if any, be filed within thirty (30) days from the close of discovery.  (*See* Doc. 32, Order.)  On August 25, 2008, the Court issued a similar order advising the parties that if dispositive motions were not filed within fifteen (15) days of the Order the case would be set for trial.  (*See* Doc. 34.)

After the second dispositive motion deadline passed without either party filing a motion for summary judgment, the Court listed this matter for trial to commence on January 5, 2009.  (*See* Docs. 35 and 36.)  On December 9, 2008, the defendants filed a Motion to Continue Trial and an Extension of the Dispositive Motion Deadline. (*See* Doc. 40.)  On December 11, 2008, the Court removed this matter from the January 2009 trial list and directed defendants file a dispositive motion within five (5) days of the Order.  (*See* Doc. 41.)  Defendants filed a Motion for Judgment on the Pleadings on December 12, 2008 based on Quinn's alleged failure to exhaust his administrative remedies.  (*See* Docs. 42 and 43.)  Quinn has failed to file an opposition brief, or otherwise respond to defendants' motion.

**III.     Standard of Review**

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "after the pleadings are closed but within such time as to not delay the trial." Fed.R.Civ.P. 12(c)  A motion for judgment on the pleadings under Rule 12(c) is decided under the same standard as that for a motion to dismiss under Fed. R. Civ. P. 12(b).  *See Spruill v. Gillis*, 372 F.3d 218, 223 fn. 2 (3d Cir. 2004)("There is no material difference in the applicable legal standards.")  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007)(quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)).

**IV.     Discussion**

Defendants argue that Quinn's Complaint should be dismissed because he failed to exhaust his administrative remedies.[2]  Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law.  *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S. Ct. 2378, 2383, 165 L.Ed.2d 368  (2006); *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007).  The "exhaustion requirement

---

[2]  Failure to exhaust available administrative remedies is an affirmative defense.  *See Jones v. Bock*, 549 U.S. 199, 217, 127 S.Ct. 910, 922, 166 L.Ed.2d 798 (2007); *see also Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002.)  As such, it must be pled and proven by the defendants.  *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002.)

applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed. 12 (2002).  The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000).  The exhaustion requirement "is mandatory under the PLRA and ... unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 217, 127 S.Ct. 910, 918-19, 166 L.Ed.2d 798 (2007).  "[I]t is beyond the power ... of any ... [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhius*, 204 F.3d at 73.  The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement."  *Id*. at 71.

The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court.  *Woodford*, 548 U.S. at 100, 126 S. Ct. at 2387.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules" so as to allow the agency "a fair and full opportunity to adjudicate [the] claims."  *Id*., 548 U.S. at 90-91, 126 S.Ct. at 2385 - 86.  Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim.  *Spruill,* 372 F.3d at 227-32.  A prisoner may not satisfy the PLRA's exhaustion requirement after initiating suit in federal court.  *Ahmed v. Dragovich,* 297 F.3d 201, 209 (3d Cir. 2002).

In the case at bar, Quinn alleges that while housed at the Lackawanna County Prison, CO Vrable interfered with his receipt of personal and legal mail. (Doc. 1, Complaint.)  Quinn admits to the existence of an administrative grievance procedure at the Lackawanna County Prison and that he did not file a grievance concerning CO Vrable's actions because he has "file[d] grievances in this prison before ... and get[s] no repl[ies] or answers." (*Id*.)  A fair reading of Quinn's Complaint implies that because prison officials failed to respond to previously filed grievances, he did not file a grievance concerning the matters complained of in the Complaint.  Quinn's explanation for failing to even attempt to exhaust his administrative remedies as to the claim in this matter is inexcusable.  Quinn was required to avail himself of the Lackawanna County Prison's administrative remedy procedures not withstanding the fact that his previously filed unrelated grievances went unanswered.  Moreover, as Quinn has failed to respond to Defendants' motion, their challenge as to the availability of his administrative remedies is left unrebuked.  Thus, the record before the Court is clear.  The Lackawanna County Prison had an administrative remedy procedure in place and available to Quinn, *see Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir.2000), notwithstanding his assertion to the contrary.  Consequently, Plaintiff's Complaint will be dismissed due to his failure to have exhausted his available administrative procedures.

     An appropriate Order will be entered.

                                        **A. RICHARD CAPUTO**
                                        **United States District Judge**

**Date: January ___, 2009**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SEAN THOMAS QUINN,** : | |
| : | |
|    **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-06-0571** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **COREY VRABLE,** *et al.,* : | |
| : | |
|    **Defendants** : | |

**O R D E R**

**NOW**, this  **15th**  day of **January, 2009**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Defendants' Motion for Judgment on the Pleadings (Doc. 42) is **GRANTED**.

2. The Clerk of Court is directed to mark this case **CLOSED**.

                                     **s/ A. Richard Caputo**
                                     **A. RICHARD CAPUTO**
                                     **United States District Judge**