**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SEAN THOMAS QUINN, :
:
    **Plaintiff** :
: CIVIL NO. 3:CV-06-0571
v. :
: (Judge Caputo)
COREY VRABLE, *et al.,* :
:
    **Defendants** :

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On January 15, 2009, via a Memorandum and Order, this Court granted Defendants' Motion for Judgment on the Pleadings and dismissed Sean Quinn's *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983. (Doc. 47.) In his Complaint, Sean Quinn alleges that, while housed at the Lackawanna County Prison, CO Vrable interfered with his receipt of the Citizen's Voice newspaper, personal and legal mail. (Doc. 1, Complaint.) Presently before the Court is Mr. Quinn's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(a).[1] (Doc. 49.) For the reasons that follow the motion will be granted.

---

[1] Rule 60, Relief from Judgment or Order, in pertinent part states:

(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

In his motion, Sean Quinn claims he received neither a copy of defendants' motion for judgment motion nor a copy of this Court's dispositive Order in this case. (Doc. 49 at R. 3 ("Plaintiff ... has not received <u>any</u> motions in this case from the beging (sic) of case.")) He asserts that without service of defendants' motion, he was unaware of his opportunity, or need, to oppose the same.

A review of the docket in this matter reveals that defendants consistently failed to include a certificate of service with any of their filings. Although they routinely filed certificates of non-concurrence, noting Mr. Quinn's status as an incarcerated individual, not certificates of service were filed. Specifically, there is no certificate of service attached to defendants' Motion for Judgment on the Pleadings or supporting brief as required by Fed. R. Civ. P. 5(d). (*See* Docs. 42 and 43.) Hence, the Court cannot confirm that Sean Quinn was ever served with these documents. Accordingly, Mr. Quinn's Motion for Relief from Judgment will be granted. This Court's Order of January 15, 2009, will be vacated and defendants' Motion for Judgment will be dismissed without prejudice for their failure to comply with Fed. R. Civ. P. 5(d). The parties will be given twenty (20) days from the date of this Order to file dispositive motions.

Finally, the Court notes that Mr. Quinn represents that he did not receive a copy of this Court's January 15, 2009, Order. Court records indicate that, simultaneous to the docketing of the Order, a copy of it was sent to Mr. Quinn's last known address of record, SCI-Huntingdon. (Doc. 47, Receipt Display.) There is no indication on the docket that the Court's January 15, 2009 Order was returned to the Court as undelivered. Thus, aside from Plaintiff's own assertion that he never

received a copy of the Order, he offers no credible evidence to support his assertion. On February 9, 2009, Sean Quinn notified the Court that he is currently housed at SCI-Coal Township, in Coal Township, Pennsylvania. (Doc. 48.) The Court reminds Mr. Quinn of his obligation to promptly notify the Court and defense counsel of any change in his address to avoid further delay in his receipt of documents in this case.

**AND NOW**, this 18th day of **AUGUST, 2009**, it is ordered that:

1. Mr. Quinn's Motion for Relief from Judgment (doc. 49) is **GRANTED**.

2. This Court's Order of January 15, 2009 (doc. 47), is **VACATED**.

3. Defendants' Motion for Judgment (doc. 42) is **DISMISSED** without prejudice due to their failure to comply with Fed. R. Civ. P. 5(d).

4. The parties will be given twenty (20) days from the date of this Order to file dispositive motions.

                                                     **/s/ A. Richard Caputo**
                                                     **A. RICHARD CAPUTO**
                                                     **United States District Judge**