# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SEAN THOMAS QUINN,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-06-0571** |
| v. | : | |
| | : | **(Judge Caputo)** |
| **COREY VRABLE,** *et al.,* | : | |
| **Defendants** | : | |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On March 20, 2006, Sean Quinn filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that while housed at the Lackawanna County Prison, CO Vrable interfered with his receipt of the Citizen's Voice newspaper, personal and legal mail. (Doc. 1, Compl.) On January 15, 2009, via a Memorandum and Order, this Court granted Defendants' Motion for Judgment on the Pleadings and dismissed Sean Quinn's Complaint due to his failure to exhaust his administrative remedies. Upon his receipt of the Court's dispositive Order, Mr. Quinn sought Relief from Judgment based on Defendants' failure to properly serve him with any documents, including their Motion for Judgment on the Pleadings. (Doc. 49, Mot. for Relief of J.) On August 18, 2009, the Court vacated the January 15, 2009, Order due to Defendants' failure to properly serve Sean Quinn with all documents, including their motion, in compliance with Fed. R. Civ. P. 5(d). (*See* Order of August 18, 2009.) The Court reopened the case and the parties were given twenty (20) days to file dispositive motions. (*Id.*)

Presently before the Court is Defendants' Motion for Judgment on the Pleadings based on Mr. Quinn's failure to exhaust his administrative remedies as indicated on the face of the Complaint. (Doc. 51, Mot. for J. on the Pleadings.) The defendants have filed a brief in support of their motion and the appropriate certificates of service. (Doc. 52, Br. in Supp. Mot. for J. on the Pleadings.) To date, Mr. Quinn has not opposed Defendants' motion or filed a request for enlargement of time to do so. Also before the Court is Mr. Quinn's Motion for Judgment (doc. 53) and supporting brief (doc. 54) seeking entry of judgment in his favor based on the Defendants' failure to serve him with a copy of their Answer to the Complaint. For the reasons that follow, the Defendants' unopposed Motion for Judgment on the Pleadings will be granted and Mr. Quinn's Motion for Judgment will be denied.

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "after the pleadings are closed but within such time as to not delay the trial." Fed.R.Civ.P. 12(c) A motion for judgment on the pleadings under Rule 12(c) is decided under the same standard as that for a motion to dismiss under Fed. R. Civ. P. 12(b). *See* Spruill v. Gillis, 372 F.3d 218, 223 fn. 2 (3d Cir. 2004)("There is no material difference in the applicable legal standards.") When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007)(quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)).

Pursuant to the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, or any other federal law, he must exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e; *Porter v. Nussle,* 534 U.S. 516, 524, 122 S.C. 983, 988, 152 L.Ed.2d 12 (2002). "[T]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 212, 127 S.C. 910, 918-19, 166 L.Ed.2d 798 (2007). A prisoner, however, need not exhaust every administrative remedy, only those which are available to him. *Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000); *accord Brown v. Croak*, 312 F.3d 109, 112-113 (3d Cir. 2002). "A grievance procedure is not available even if one exists on paper if the defendant prison officials somehow prevent a prisoner from using it." *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003). A prisoner is not required to allege in his complaint that administrative remedies have been exhausted. *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002). Failure to exhaust available administrative remedies is an affirmative defense. (*Id*.) As such, it must be pleaded and proven by the Defendant. *Brown*, 312 F.3d at 111.

In his Complaint, Mr. Quinn admits to the existence of an administrative grievance procedure at the Lackawanna County Prison and acknowledges that he did not file a grievance concerning CO Vrable's actions because he has "file[d] grievances in this prison before ... and get[s] no repl[ies] or answers." (Doc. 1, Compl.) A fair reading of Mr. Quinn's Complaint implies that because prison officials failed to respond to previously filed grievances, he did not file a grievance

concerning the matters complained of in the Complaint.  Mr. Quinn's explanation for failing to even attempt to exhaust his administrative remedies as to the claim in this matter is inexcusable.  Mr. Quinn was required to avail himself of the Lackawanna County Prison's administrative remedy procedures not withstanding the fact that his previously filed unrelated grievances went unanswered.  Moreover, as Mr. Quinn has failed to respond to Defendants' motion, their contention that he failed to exhaust his administrative remedies is unchallenged and the record is undisputed.  The Lackawanna County Prison had an administrative remedy procedure in place and available to Mr. Quinn, *see Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir.2000), notwithstanding his assertion to the contrary.  Consequently, Plaintiff's Complaint will be dismissed due to his failure to have exhausted his available administrative procedures.

As for Mr. Quinn's Motion for Judgment based on Defendants' failure to timely respond to the Complaint, given his failure to properly exhaust his administrative remedies, the motion will be denied as moot as an unexhausted claim cannot proceed.  *See Jones, supra.*

        **AND NOW**, this __7th__ day of **OCTOBER, 2009**, it is ordered that:

1. Defendants' Motion for Judgment on the Pleadings (doc. 51) is **GRANTED**.

2. Sean Quinn's Motion for Judgment (doc. 53) is **DENIED** as moot.

3. The Clerk of Court is directed to mark this case **CLOSED**.

        /s/ A. Richard Caputo
        **A. RICHARD CAPUTO**
        **United States District Judge**